IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREK A. CAPOZZI, | : | |
|     Plaintiff | : | Civil Action No. 1:11-cv-01628 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| PIGOS, et al., | : | |
|     Defendants | : | |

**MEMORANDUM ORDER**

Presently pending before the Court is Plaintiff Derek A. Capozzi's appeal of a non-dispositive order of Magistrate Judge Mannion pursuant to Local Rule 72.2. (Doc. No. 14.) For the reasons that follow, the Court will deny the appeal.

Plaintiff, proceeding pro se, instituted this civil rights action by filing a complaint in which he alleges that several Defendants committed violations of, inter alia, the Fifth, Eighth, and Fourteenth Amendments. (Doc. No. 1.) The complaint contains detailed allegations regarding the allegedly inadequate medical treatment Plaintiff received for his heart condition while incarcerated at the United States Penitentiary at McCreary in Pine Knot, Kentucky; the Federal Medical Center in Lexington, Kentucky; and the United States Penitentiary at Lewisburg in Lewisburg, Pennsylvania. (Id.) On February 16, 2012, Magistrate Judge Mannion issued an order denying Plaintiff's motion for appointment of counsel. (Doc. No. 13.) Plaintiff filed an appeal of the order on February 27, 2012.[1] (Doc. No. 14.)

Local Rule 72.2 provides in relevant part that "[a]ny party may appeal from a magistrate judge's order determining a non-dispositive pretrial motion . . . in which the magistrate judge is

---

[1] The Court construes Plaintiff's appeal as both an appeal and a brief in support.

not the presiding judge on the case." M.D. Pa. L.R. 72.2; accord Fed. R. Civ. P. 72(a).  On review, this Court is to "consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  M.D. Pa. L.R. 72.2.

Plaintiff argues that Magistrate Judge Mannion's order denying the appointment of counsel is contrary to law because Magistrate Judge Mannion did not fully consider the factors that the United States Court of Appeals for the Third Circuit has identified as relevant to the determination of whether counsel should be appointed in a civil case.  See Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002).  With respect to these factors, Plaintiff contends that he is need of counsel because: (1) his case involves complex factual and legal issues; (2) he suffers from medical conditions that may prevent him from effectively presenting his case; (3) he will not be able to conduct the requisite factual investigation; (4) he is not able to obtain counsel on his own behalf; (5) this case is likely to turn on credibility determinations; and (6) he will likely require at least three expert cardiologists to provide testimony regarding Plaintiff's heart condition.  (Doc. No. 14.)

At this early stage of the litigation, the Court is not able to determine whether counsel should be appointed because Plaintiff's complaint has not yet been screened pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(e).  Upon screening of the complaint, the Court will either direct Plaintiff to file an amended complaint, if necessary, or direct service of the complaint.  If service of the complaint is directed, Defendants may then challenge the legal basis of the complaint or file an answer.  Until these procedural matters are concluded, the Court will not consider whether counsel should be appointed in this matter.  Therefore, Plaintiff's appeal of Magistrate Judge Mannion's February 16, 2012 order will be denied.  In the event, however, that

further proceedings demonstrate the need for counsel, Plaintiff may file a renewed motion for appointment of counsel.

**ACCORDINGLY**, on this 13th day of April 2012, **IT IS HEREBY ORDERED THAT** Plaintiff's appeal of Magistrate Judge Mannion's February 16, 2012 order (Doc. No. 14) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
U.S. District Court
Middle District of Pennsylvania