# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREK A. CAPOZZI, | : | |
|     Plaintiff | : | No. 1:11-cv-01628 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| PIGOS, et al., | : | (Magistrate Judge Mannion) |
|     Defendants | : | |

## MEMORANDUM ORDER

Presently pending before the Court is Magistrate Judge Mannion's Report and Recommendation (Doc. No. 52), addressing Defendants' motion to dismiss or, in the alternative, for summary judgment (Doc. No. 27), and Petitioner's objections thereto (Doc. No. 57).[1] For the reasons that follow, the Court will adopt Judge Mannion's Report and Recommendation in part.

## I.  BACKGROUND

Plaintiff Derek A. Capozzi, a federal inmate presently incarcerated at the United States Penitentiary at Florence-Admax in Florence, Colorado initiated this action by filing a complaint against Defendants on August 30, 2011. (Doc. No. 1.) Plaintiff's complaint arises from the circumstances surrounding the treatment of his heart condition following an incident on May 18, 2008, when he was incarcerated at the United States Penitentiary at Victorville in Adelanto, California ("USP-Victorville"), in which a fellow inmate stabbed him in the chest and neck. Following this incident, Plaintiff underwent surgery, but cardio-thoracic surgeons indicated that

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

1

he may need additional surgeries to repair damage to his heart.

The factual details surrounding Plaintiff's claims are comprehensively stated in Magistrate Judge Mannion's Report and Recommendation and need not be fully reproduced here. The Court, however, will write briefly to recount the relevant facts at hand. On April 15, 2009, doctors at the United States Penitentiary at McCreary, Pennsylvania ("USP-McCreary") advised Plaintiff that damage to his heart needed to be repaired. Plaintiff was transferred to the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg") on December 14, 2009, and, shortly thereafter, Dr. Pigos examined him and prescribed him pain medications. On March 22, 2010, the United States Marshals transferred Plaintiff to the Grayson County Detention Center ("GCDC") at Litchfield, Kentucky pursuant to a writ of habeas corpus ad testificandum.

Plaintiff escaped from custody on April 15, 2010. He was captured about two days later and taken to the Federal Medical Center in Lexington, Kentucky on April 22, 2010, where Dr. Holbrook concluded that a cardiologist need not examine him because he was not suffering from an emergency medical condition. According to Plaintiff, Dr. Holbrook summarily decided to suspend Plaintiff's medical care after conferring with Dr. Growse and Associate Warden Coll. Specifically, Plaintiff alleges that these individuals falsified records to indicate that he did not need surgery or further care and then filed these records in the Bureau Electronic Medical Record System. Plaintiff was transferred back to USP-Lewisburg on July 1, 2011. On September 2, 2011, an echocardiagram was performed on Plaintiff, revealing normal heart function. Plaintiff, however, disputes these results. Plaintiff met with USP-Lewisburg doctors on October 3, 2011, and the doctors did not recommend surgery at that time.

On August 30, 2011, Plaintiff filed initiated this action by filing a complaint raising claims under the Eighth Amendment, the Fifth and Fourteenth Amendments, the Americans with Disabilities Act, the Racketeer Influenced and Corrupt Organizations Act, and 42 U.S.C. § 1985. Defendants filed a motion to dismiss or, in the alternative, for summary judgment on July 2, 2012. (Doc. No. 27.) Magistrate Judge Mannion issued a Report and Recommendation on December 20, 2012, recommending that Defendants' motion be granted. (Doc. No. 52.) Plaintiff filed objections on January 15, 2013. (Doc. No. 57.)

## II. DISCUSSION

Plaintiff raises objections to Magistrate Judge Mannion's findings with respect to each of his claims. The Court will first address Plaintiff's objections to Magistrate Judge Mannion's findings with respect to his Eighth Amendment claim and then address his objections to the remaining claims.

### A. Eighth Amendment

Plaintiff first objects to Magistrate Judge Mannion's finding that Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claim. (Doc. No. 57 at 24.) After reviewing the medical records submitted by both parties, Magistrate Judge Mannion concluded that the evidence did not support a finding that Defendants were deliberately indifferent to Plaintiff's serious medical needs. (Doc. No. 52 at 17-19.) Plaintiff contends that Magistrate Judge Mannion erred in rendering this conclusion because he submitted evidence demonstrating that certain doctors found that his medical condition warranted further treatment. (Doc. No. 57 at 28-30.) Magistrate Judge Mannion, however, in reaching his findings and recommendations considered the entire evidence of record and concluded that "all medical decisions were based on

3

sound professional judgment." (Doc. No. 52 at 20.) Upon a review of the record, the Court finds no error in Magistrate Judge Mannion's conclusion and will overrule this objection.[2]

Second, Plaintiff raises an objection to Magistrate Judge Mannion's finding that Plaintiff's allegations concerning the falsification of his medical records are meritless. (Doc. No. 57 at 33.) According to Plaintiff, Magistrate Judge Mannion erred in considering evidence of record not discussed by the parties in their briefs. (Id.) Magistrate Judge Mannion, however, in ruling on a motion for summary judgment, was not limited to reviewing the record evidence relied on by the parties in advancing their respective arguments. See Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 309 F.3d 144, 158 n.15 (3d Cir. 2002) ("[T]he court is not limited to the particular legal theories advanced by the parties . . . ."). Rather, Magistrate Judge Mannion was required to review the entire evidence of record. See, e.g., Brown v. Borough of Mahaffey, 35 F.3d 846, 850 (3d Cir. 1994) (directing the district court to determine whether the plaintiff had introduced sufficient evidence to resist summary judgment "based on consideration of the entire record") (emphasis added). The Court, therefore, finds this objection to be meritless.[3]

Third, Plaintiff raises an objection to Magistrate Judge Mannion's consideration of a portion of a medical report made by Dr. Holbrook concerning Plaintiff exercising in the

---

[2] Plaintiff raises a similar objection concerning Magistrate Judge Mannion's consideration of certain statements made by Dr. Holbrook. (Doc. No. 57 at 40-41.) The Court, however, is satisfied that Magistrate Judge Mannion considered the entire evidence of record before rendering his findings and, thus, will overrule this objection.

[3] Plaintiff raises an additional objection to Magistrate Judge Mannion's finding that a "review of the record resolves any genuine issues of material fact" with respect to Plaintiff's allegations that Defendants falsified his medical records. (Doc. No. 57 at 37-39; see also Doc. No. 52 at 21-22.). To support this objection, Plaintiff solely relies on allegations included in his complaint. (Doc. No. 57 at 39.) Plaintiff, however, cannot rely on his pleadings to resist summary judgment. See Fed. R. Civ. P. 56(e)(2).

4

recreation area. (Doc. No. 57 at 33-34.) Plaintiff contends that it was "error to credit" this portion because it cannot be attributed to Plaintiff himself, as Plaintiff's allegations in his original complaint conflict with the statement. (Id.) This objection lacks merit. "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in [Rule 56] – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Accordingly, at this stage of the proceedings, Plaintiff cannot rely on the pleadings to resist summary judgment, and Magistrate Judge Mannion did not err in considering the statement.

Fourth, Plaintiff contends that Magistrate Judge Mannion improperly found that Dr. Growse's statement in a June 16, 2011 record that Plaintiff "maintains a very muscular build" is consistent with another doctor's observation concerning Plaintiff's physical activity. (Doc. No. 57 at 36.) According to Plaintiff, "[n]o doctor, defendant or report rendered this conclusion," and that such a conclusion is "for a jury not a judge." (Id.) In his Report and Recommendation, Magistrate Judge Mannion stated:

> The plaintiff's medical records . . . assert . . . that the plaintiff was 'witnessed in rec cage doing 4 sets of 30 rapid fire push ups, and sprinting around the rec area' . . . . In addition, another reports notes a doctor's description that the plaintiff 'maintains a very muscular build,' which is consistent with the observation of physical activity.

(Doc. No. 52 at 20.) The reports referenced by Magistrate Judge Mannion were made by Dr. Holbrook on July 23, 2010 and Dr. Growse on June 16, 2011, respectively. (Doc. No. 40-2 at 95-96; Doc. No. 40-3 at 45-48.) Upon a review of these reports, the Court does not find that Magistrate Judge Mannion made any improper factual findings. Rather, he merely observed that

5

Dr. Holbrook's statement concerning Plaintiff's physical activity is consistent with Dr. Growse's statement concerning Plaintiff's physique.[4]  Such an observation is not improper because, at the summary judgment stage, the Court must determine whether there is a disagreement about the facts or the proper inferences that a fact finder could draw from them.  See, e.g., Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982).  Accordingly, the Court will overrule this objection.

> B. **Other Claims**

Plaintiff's final objections concern Magistrate Judge Mannion's findings concerning Plaintiff's claims under the Fifth and Fourteenth Amendments, the Americans with Disabilities Act, the Racketeer Influenced and Corrupt Organizations Act, and 42 U.S.C. § 1985.  (Doc. No. 57 at 43-47.)  With respect to these claims, Plaintiff contends that Defendants did not move to dismiss, or for summary judgment on, these claims and, thus, Magistrate Judge Mannion erred in analyzing these claims.  (Id.)  Indeed, Defendants' motion addresses Plaintiff's Eighth Amendment claim and raises arguments concerning personal jurisdiction and qualified immunity but does not seek to dismiss, or summary judgment on, Plaintiff's other claims.[5]  Therefore, the Court will refrain from adopting the portions of Magistrate Judge Mannion's Report and Recommendation addressing Plaintiff's claims under the Fifth and Fourteenth Amendments, the Americans with Disabilities Act, the Racketeer Influenced and Corrupt Organizations Act, and

---

[4] Plaintiff also contends that Magistrate Judge Mannion should not have considered these statements merely because Dr. Pigos submitted an affidavit attesting to their accuracy.  (Doc. No. 57 at 37.)  The Court, however, as discussed, is satisfied that Magistrate Judge Mannion considered the entire record before rendering his conclusions and did not merely rely on Dr. Pigos's affidavit.

[5] Magistrate Judge Mannion did not address Defendants' arguments regarding personal jurisdiction and qualified immunity in his Report and Recommendation.

6

42 U.S.C. § 1985.

**ACCORDINGLY**, on this 16th day of August 2013, **IT IS HEREBY ORDERED THAT** Magistrate Judge Mannion's Report and Recommendation (Doc. No. 52) is **ADOPTED IN PART** as follows:

1. The Report and Recommendation (Doc. No. 52) is **ADOPTED** to the extent it recommends that summary judgment be entered on Plaintiff's Eighth Amendment claim, and Defendants' motion to dismiss or, in the alternative, for summary judgment (Doc. No. 27) is **GRANTED** with respect to Plaintiff's Eighth Amendment claim;

2. The Report and Recommendation (Doc. No. 52) is **NOT ADOPTED** with respect to Magistrate Judge Mannion's recommendations concerning Plaintiff's claims under the Fifth and Fourteenth Amendments, the Americans with Disabilities Act, the Racketeer Influenced and Corrupt Organizations Act, and 42 U.S.C. § 1985, and Defendants' motion to dismiss or, in the alternative, for summary judgment (Doc. No. 27) is **DENIED** to the extent it seeks dismissal of, or summary judgment on, these claims; and

3. Plaintiff's motion to stay (Doc. No. 54) is **DENIED AS MOOT** in light of the United States Court of Appeal for the Third Circuit's resolution of Plaintiff's appeal.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania