# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK A. CAPOZZI,<br><br>        Plaintiff,<br><br>   v.<br><br>PIGOS, et al.,<br><br>        Defendants | CIVIL ACTION NO. 1:11-CV-01628<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

Plaintiff Derek A. Capozzi, proceeding *pro se*, filed this *Bivens*[1] action on August 30, 2011. (Doc. 1). Pending before the Court are the following motions: (1) Defendants' Second Motion to Dismiss (Doc. 69); Plaintiff's motion for leave to file an amended complaint (Doc. 74); Plaintiff's motion to withdraw Plaintiff's motion for leave to file an amended complaint and the first amended complaint (Doc. 77); and Plaintiff's voluntary motion to dismiss the remaining charges in the complaint. (Doc. 79). For the following reasons, it is recommended that the Court **GRANT** Plaintiff's motion to voluntarily dismiss the remaining claims in the complaint.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Derek A. Capozzi, a federal inmate presently incarcerated at the United States Penitentiary located in Florence, Colorado (USP Florence), initiated this action on August 30, 2011, by filing a complaint raising claims under the Eighth Amendment, the Fifth and Fourteenth Amendments, the Americans with Disabilities Act, the Racketeer

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Influenced and Corrupt Organizations Act (RICO), and 42 U.S.C. § 1985. (Doc. 1). Plaintiff names as Defendants: K. Pigos, Clinical Director (USP Lewisburg); Marc Holbrook, Physician (retired from FMC Lexington); Michael J. Grouse, Clinical Director (FMC Lexington); M. Coll, Associate Warden (FMC Lexington); Various Other B.O.P. Employees; and the United States of America. (Doc. 1, p. 9; Doc. 29, p. 1).

Plaintiff's complaint arises from the circumstances surrounding the treatment of his heart condition following an incident on May 18, 2008, while he was incarcerated at the United States Penitentiary at Victorville in Adelanto, California (USP Victorville), in which a fellow inmate stabbed him in the chest and neck. (Doc. 68, p. 1). Following this incident, Plaintiff underwent surgery, but cardio-thoracic surgeons indicated that he may need additional surgeries to repair damage to his heart. (Doc. 68, pp. 1-2).

On April 15, 2009, doctors at the United States Penitentiary at McCreary, Kentucky (USP McCreary), located in Pine Knot, Kentucky, advised Plaintiff that damage to his heart needed to be repaired. (Doc. 68, p. 2). Plaintiff was transferred to the United States Penitentiary at Lewisburg, Pennsylvania (USP Lewisburg) on December 14, 2009, and shortly thereafter, Dr. Pigos examined him and prescribed him pain medication. (Doc. 68, p. 2). On March 22, 2010, the United States Marshals transferred Plaintiff to the Grayson County Detention Center (GCDC) in Litchfield, Kentucky, pursuant to a writ of habeas corpus *ad testificandum*. (Doc. 68, p. 2). Plaintiff escaped from custody on April 15, 2010. He was captured about two days later and taken to the Federal Medical Center in Lexington, Kentucky, on April 22, 2010, where Dr. Holbrook concluded that a cardiologist need not examine him because he was not suffering from an emergency medical condition. (Doc. 68, p. 2). According to Plaintiff, Dr. Holbrook summarily decided to suspend Plaintiff's medical

care after conferring with Dr. Grouse and Associate Warden Coll. (Doc. 68, p. 2). Specifically, Plaintiff alleges that these individuals falsified records to indicate that he did not need surgery or further care and then filed these records in the Bureau Electronic Medical Record System. (Doc. 68, p. 2).

Plaintiff was transferred back to USP Lewisburg on July 1, 2011. On September 2, 2011, an echocardiogram was performed on Plaintiff, revealing normal heart function. (Doc. 68, p. 2). Plaintiff, however, disputes these results. Plaintiff met with USP Lewisburg doctors on October 3, 2011, and the doctors did not recommend surgery at that time. (Doc. 68, p. 2).

On July 23, 2012, this Court docketed a change of address letter submitted by Plaintiff, dated July 15, 2012, indicating that he was transferred to Fayette County Detention Facility in Lexington, Kentucky. (Doc. 31). On October 17, 2012, Plaintiff submitted a letter indicating he was transferred back to USP Lewisburg. (Doc. 46). On December 11, 2012, the Court docketed a change of address letter submitted by Plaintiff, dated December 1, 2012, indicating his current location is at USP Florence in Florence, Colorado. (Doc. 51).

On July 27, 2012, Plaintiff filed a motion to amend/supplement the complaint, which included a request to include a First Amendment retaliation claim against Defendants Holbrook, Grouse, Coll, and Warden Hickey. (Doc. 34). On August 21, 2012, the Magistrate Judge issued an order (Doc. 41) denying Plaintiff's motion. Plaintiff appealed this order to the District Judge. (Doc. 43). On November 28, 2012, the Court affirmed the Magistrate Judge's order, reasoning that Plaintiff failed to exhaust his administrative remedies with respect to the events described in his motion to amend/supplement. (*See* Doc.

50). On January 4, 2013, Plaintiff filed a notice of appeal from this Court's November 28, 2012 Order. (Doc. 53). On May 2, 2013, the Court of Appeals for the Third Circuit dismissed the appeal for lack of appellate jurisdiction. *See Capozzi v. Pigos*, (C.A. No. 13-1154).

On July 2, 2012, Defendants filed a motion to dismiss or, in the alternative, for summary judgment. (Doc. 27). On July 16, 2012, Defendants filed a brief in support (Doc. 29), and a statement of facts. (Doc. 30). On August 16, 2012, Plaintiff filed a brief in opposition (Doc. 38), an answer to Defendants' statement of facts (Doc. 39), and a statement of facts. (Doc. 40). On December 20, 2012, this Court issued a Report and Recommendation recommending that Defendants' motion be granted. (Doc. 52). On August 16, 2013, this Court issued an Order adopting the Report and Recommendation in part. (Doc. 68). The Court granted Defendants' motion with respect to Plaintiff's Eighth Amendment claim. The Court denied Defendants' motion with respect to Plaintiff's claims under the Fifth and Fourteenth Amendments, the Americans with Disabilities Act, the Racketeer Influenced and Corrupt Organizations Act, and 42 U.S.C. § 1985.

On September 9, 2013, Defendants filed a second motion to dismiss (Doc. 69) with a brief in support. (Doc. 70). On September 19, 2013, Plaintiff filed a motion for leave to file an amended complaint (Doc. 74). On September 25, 2013, Defendants filed a brief in opposition to Plaintiff's motion to amend. (Doc. 76). On September 27, 2013, Plaintiff filed a motion to withdraw his motion to amend (Doc. 77), a brief in opposition to Defendants' second motion to dismiss (Doc. 78), and a motion to voluntarily dismiss the remaining charges in the complaint. (Doc. 79). In his brief in opposition to Defendants' second motion to dismiss and in his motion for voluntary dismissal, Plaintiff states that he wishes to

voluntarily dismiss all remaining claims from the matter, withdraw the amended complaint, and no longer wishes to proceed with any of the remaining claims.

On September 27, 2013, Plaintiff also filed a "notice of appeal" (Doc. 80) explaining that he seeks to voluntarily dismiss all of the remaining claims in this action so that he may file an appeal to the Third Circuit with respect to: (1) the denial of his July 27, 2012 motion for leave to file an amended complaint and add a First Amendment retaliation claim, and (2) the dismissal of his Eighth Amendment claim.

## II.   PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

As noted above, on January 4, 2013, Plaintiff filed a notice of appeal from this Court's November 28, 2012 Order, denying his motion for leave to amend his complaint. (Doc. 53). On May 2, 2013, the Third Circuit dismissed the appeal for lack of appellate jurisdiction. *Capozzi v. Pigos* (C.A. No. 13-1154). The Third Circuit stated that it may hear appeals only from final orders of the district courts. 28 U.S.C. § 1291. "A final order is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Hagan v. Rogers*, 570 F.3d 146, 151 (2009) (internal citations omitted). The order must end the litigation as to all claims and all parties. *See Andrews v. United States*, 373 U.S. 334, 340 (1963). The Third Circuit noted that "the District Court's order denying Appellant's appeal of the Magistrate Judge's order denying leave to amend or supplement his complaint is not a final order." *Capozzi v. Pigos* (C.A. No. 13-1154) (citing *In re Kelly*, 876 F.2d 14, 15 (3d Cir. 1989)). "Because the order is not presently appealable, the appeal is dismissed for lack of appellate jurisdiction." *Id.*

The Court construes Plaintiff's motion to voluntarily dismiss this action under Federal Rule of Civil Procedure 41(a)(2).[2] *See Funk v. Custer*, No. 10-0915, 2012 WL 5509883, at *1 (M.D. Pa. Nov. 14, 2012). This Court has considered a similar situation where a plaintiff sought a voluntary dismissal so that she could obtain a final and appealable judgment for review by the Third Circuit Court of Appeals. *See Zied v. Astrue*, No. 06-2305, 2010 WL 2804879, at *1 (M.D. Pa. July 15, 2010) *aff'd sub nom. Zied v. Barnhart*, 418 Fed. Appx. 109 (3d Cir. 2011). In *Zied*, the plaintiff requested leave to amend her complaint. The Court ultimately denied the plaintiff's motion to amend, holding that any of the proposed amendments would be futile. *Zied*, 2010 WL 2804879, at *1. The plaintiff filed a motion seeking, among other things, to voluntarily dismiss her remaining claim with prejudice for the purposes of obtaining a final and appealable judgment for review. This Court granted plaintiff's motion for voluntary dismissal, noting that "[o]nce this Court grants the voluntary dismissal with prejudice of the Plaintiff's sole remaining claim, the previously non-final order dismissing the other causes of action will become appealable." *Zied*, 2010 WL 2804879, at *3.

Similarly, in the instant case, Plaintiff seeks to dismiss the remaining claims in the complaint so that this Court's previous orders will become final and appealable. As such, it

---

[2] Defendants have already filed an initial motion to dismiss, or for summary judgment, and a second motion to dismiss. Further, Plaintiff has not presented a stipulation of dismissal signed by all parties who have appeared. *See* Fed. Rule Civ. P. 41(a)(1), *Voluntary Dismissal, By the Plaintiff, Without a Court Order*. As such, a voluntary dismissal is analyzed under Fed. R. Civ. P. 41(a)(2), *By Court Order*.

is recommended that the Court grant Plaintiff's motion for voluntary dismissal (Doc. 79) so that he may appeal this Court's previous orders to the Third Circuit Court of Appeals.

Plaintiff does not specify in his motion whether he seeks to dismiss the remaining claims with prejudice or without prejudice. Rule 41(a)(2) states as follows:

> ***By Court Order; Effect***. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2).

Although usually "a dismissal under this paragraph (2) is without prejudice," the Court may take into consideration the extent to which the matter has been litigated, as well as judicial and other legal resources that have been invested in the case. *Funk*, 2012 WL 5509883, at *2. In this case, Defendants filed an initial motion to dismiss, or for summary judgment, which has already been considered by this Court. Defendants have also filed and briefed a second motion to dismiss. The exhibits filed in this case are extensive. Because this matter has been litigated extensively already, the Court recommends that a voluntary dismissal in this case should be with prejudice. *Funk*, 2012 WL 5509883, at *2 (M.D. Pa. Nov. 14, 2012) ("Due to the extent to which this matter has been litigated, and taking into consideration the judicial and other legal resources that have been invested to this point . . . it is appropriate that the dismissal be with prejudice.").

III. **RECOMMENDATION**

Based on the foregoing, it is recommended that Plaintiff's motion to voluntarily dismiss all remaining claims from this matter be **GRANTED** (Doc. 79) and that the

dismissal be **with prejudice**. It is further recommended that Defendants' second motion to dismiss (Doc. 69), Plaintiff's motion to amend (Doc. 74), and Plaintiff's motion to withdraw his motion to amend (Doc. 77) be **DENIED as moot**.


**Dated: July 7, 2014**                                  *s/ Karoline Mehalchick*
                                                         **KAROLINE MEHALCHICK**
                                                         **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK A. CAPOZZI,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PIGOS, et al.,<br><br>　　　　　　Defendants | CIVIL ACTION NO. 1:11-CV-01628<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 7, 2014**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: July 7, 2014**　　　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**